IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KLINE, <br><br>　　　　　　Plaintiff, <br>　　v. <br><br>UNITED PARCEL SERVICE, INC., <br><br>　　　　　　Defendant. <br>　　　　　　　　　　　　　　　／ | No. C 09-00742 SI <br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ENFORCEMENT OF COLLATERAL ESTOPPEL and GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff's motion for enforcement of collateral estoppel and defendant's motion for summary judgment are set for oral argument on April 9, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's motion for enforcement of collateral estoppel and GRANTS defendant's motion for summary judgment.

**BACKGROUND**

This dispute concerns plaintiff Daniel Kline's classification by defendant United Parcel Service ("UPS") as an employee exempt from overtime compensation under California law. Plaintiff has been a UPS employee since November 1982. In this action, he alleges that he was misclassified as exempt in two full-time supervisory positions, On-Road Supervisor and Preload Supervisor, which plaintiff held between May 1999 and September 2003. Complaint ¶ 4; Kline Decl. ¶ 2. In plaintiff's position as an On-Road Supervisor, he ensured that UPS package cars were loaded correctly and supervised UPS drivers. Kline Decl. ¶ 59. In plaintiff's position as a Preload Supervisor, he oversaw the "preload" operation where packages are sorted and loaded onto UPS package cars for delivery. *Id.* ¶ 53.[1]

---

[1] UPS's meritless relevance objection to this evidence is overruled.

Plaintiff initiated the present action in the Alameda County Superior Court on September 26, 2008, asserting the following five causes of action under California law: (1) failure to pay overtime compensation; (2) failure to provide meal and rest breaks; (3) failure to maintain and furnish accurate wage statements and time records; (4) conversion; and (5) unfair business practices under California's Unfair Competition Law ("UCL"). All of plaintiff's claims relate to his employment with UPS between May 1999 and September 2003.

On February 19, 2009, UPS removed the action to this Court on diversity grounds. This action was deemed related to two other individual wage and hour actions against UPS, *Rhinehart v. United Parcel Service, Inc.*, No. 09-741 SI, and *Lopez v. United Parcel Service, Inc.*, No. 08-5396 SI. *Rhinehart* has settled and *Lopez* is set for trial on April 12, 2010.

Presently before the Court are plaintiff's motion for enforcement of collateral estoppel and defendant's motion for summary judgment.

**LEGAL STANDARD**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in its favor. *Id*. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts

are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory or speculative testimony is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

**I.    Plaintiff's Motion for Enforcement of Collateral Estoppel**

Plaintiff seeks a ruling that UPS is collaterally estopped from litigating the exempt status of one of the positions he held, that of Preload Supervisor, because the non-exempt nature of the position was established in *Marlo v. United Parcel Service, Inc.*, No. 03-4336, an action filed in 2003 in the Central District of California. Plaintiff was originally a member of the *Marlo* class. After the class was decertified in May 2008, Mr. Marlo's individual claims went to trial, where the jury determined that UPS had improperly classified Mr. Marlo as exempt in his position as Preload Supervisor. Plaintiff asserts that the *Marlo* ruling conclusively establishes that he was also misclassified.

Plaintiff's counsel filed the very same motion on behalf of Ben Lopez, also a former member of the *Marlo* class who is currently proceeding in a separate individual action before this Court, *Lopez v. United Parcel Service*, No. 08-5396. *See* Mot. for Enf. of Coll. Estoppel, Docket No. 36, No. 08-5396. In an order dated March 1, 2010, the Court denied Mr. Lopez's motion on the ground that a ruling as to Mr. Marlo's exempt status cannot conclusively establish the exempt status of any other UPS employee because under California law, an employee's exempt status must be determined on an individual basis. *See* March 1, 2010 Order at *4, Docket No. 123, No. 08-5396 (citing *Nordquist v. McGraw-Hill Broad. Co.*, 38 Cal. Rptr. 2d 221, 230 (Cal. Ct. App. 1995)). Plaintiff's counsel filed the present motion four days after this Court's denial of the identical motion in *Lopez* without even acknowledging that ruling. The reasoning of the Court's decision in the *Lopez* case applies with equal force here and is hereby incorporated by reference. For the reasons set forth in that order, plaintiff's motion for enforcement of collateral estoppel is DENIED.[2]

---

[2] Both parties' requests for judicial notice with respect to this motion are denied.

3

## II. UPS's Motion for Summary Judgment

UPS seeks summary judgment on the ground that plaintiff has released the claims he seeks to assert in this lawsuit. The undisputed facts leading up to the release at issue are as follows. Plaintiff filed an action against UPS in August 2003 in California state court, *Kline v. United Parcel Service*, Alameda County Super. Ct. Case No. RG03112427, alleging that UPS was discriminating against plaintiff on the basis of his sexual orientation.[3] In February 2004, the parties entered into a settlement agreement. The agreement contained the following release provision:

> Daniel C. Kline . . . does fully and forever release and discharge United Parcel Service, Inc. . . . from any and all past, present and future claims . . . of whatever kind or nature, in law, equity, or otherwise, whether known or unknown, including but not limited to any claims under the Age Discrimination in Employment Act, the California Fair Employment and Housing Act, and any other federal or state statute which Daniel C. Kline has ever had, now has, or hereafter may acquire against them, which may have arisen directly or indirectly out of any conduct or actions on the part of the released parties from the beginning of time until the date of Daniel C. Kline's execution of this Agreement.

Settlement Agreement and Release, ex. C to Strawn Decl. ISO MSJ, at 7-8. The agreement provided, however, that

> any other provision of this Agreement notwithstanding, . . . the Parties to this Agreement acknowledge that, because Daniel C. Kline is presently employed by UPS, he does not hereby waive any of the following: Any rights Daniel C. Kline may have by virtue of his employment relationship with UPS and any benefit plans in which he currently participates. This qualification of the foregoing release . . . is intended to reiterate the legal obligation of Defendants to avoid any retaliation or adverse employment action on account of the Lawsuit.

*Id.* at 8.[4]

The Court agrees with UPS that the provisions of the release bar plaintiff from bringing the present lawsuit. By signing the settlement agreement, plaintiff, who was represented by counsel at the

---

[3] UPS's request for judicial notice of this filing is granted.

[4] Plaintiff objects to UPS's submission of the Settlement Agreement on the ground it is not properly authenticated. UPS attached the agreement to the Declaration of Benjamin B. Strawn, an associate at the law firm representing UPS. Plaintiff asserts that because Mr. Strawn was only admitted to the bar in 2008, he cannot have been a witness to the execution of the agreement in 2004 and therefore lacks the necessary foundation to offer it. UPS points out, however, that plaintiff himself authenticated the agreement during his deposition. *See* Kline Depo., ex. A to Strawn Decl. ISO MSJ, at 99:14-100:11. Plaintiff's objection is therefore overruled.

4

time,[5] agreed to release all "known or unknown" claims arising out of UPS's conduct up to the time of the agreement. Plaintiff's wage and hour claims in the present lawsuit span the time period from May 1999 to September 2003, a period that concluded several months before plaintiff signed the settlement agreement in February 2004. Plaintiff seeks to circumvent the terms of the release by relying on a broad interpretation of the "carve-out" provision stating that plaintiff was not waiving "[a]ny rights [he] may have by virtue of his employment relationship with UPS." Plaintiff states that by including this provision, he "was explicitly not releasing UPS from any claims arising from his rights by virtue of his employment relationship with UPS." Oppo. at 23. As UPS points out, however, the employment discrimination and retaliation claims asserted in the 2003 lawsuit also arose from plaintiff's employment relationship with UPS. Thus, adopting plaintiff's interpretation of the "carve-out" provision would essentially nullify the entire release, a result at odds with California contract law. Cal. Civ. Code § 1643 ("A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties."); *id.* § 3541 ("An interpretation which gives effect is preferred to one which makes void."). By the express terms of the agreement, plaintiff released the claims he asserts in the present lawsuit.

Plaintiff next attempts to introduce extrinsic evidence to show that his intent in signing the settlement agreement was to release only the specific claims brought in the 2003 lawsuit. *See* Kline Decl. ¶ 68 ("I executed the Subject Release because I understood it to mean I was releasing UPS from the discrimination claims . . . . UPS never raised the issue of additional claims, such as the wage and hour claims being asserted in this matter, as being encompassed within the Release, and which I explicitly understood to be outside of the Release."). The settlement agreement, however, is fully integrated and unambiguous as to the parties' intent.[6] *See* Settlement Agreement at 11 ("This Agreement constitutes the entire agreement of the Parties to this Agreement with respect to the matters set forth herein, and no statement, promise, or agreement other than this Agreement made by any of the Parties to this Agreement . . . shall be valid or binding."). Under these circumstances, plaintiff cannot

---

[5] *See* Kline Depo. at 102:21-22.

[6] Plaintiff does not argue otherwise.

5

introduce extrinsic evidence to vary the written terms of the agreement. Cal. Civ. Proc. Code § 1856(a) ("Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement."); *Wolf v. Walt Disney Pictures & Television*, 76 Cal. Rptr. 3d 585, 602 (Cal. Ct. App. 2008) ("The court generally may not consider extrinsic evidence of any prior agreement or contemporaneous oral agreement to vary or contradict the clear and unambiguous terms of a written, integrated contract."). In addition, as UPS points out, the agreement expressly states that the "carve-out" provision was intended by the parties "to reiterate the legal obligation of Defendants to avoid any retaliation or adverse employment action on account of the Lawsuit," *id.* at 8 – not to allow plaintiff to sue UPS for any claim other than those specifically raised in the 2003 lawsuit.

Plaintiff's final argument against application of the release is that barring his present claims would violate California public policy favoring compensation for overtime and missed meal and rest breaks. Plaintiff asserts that the right to such compensation "cannot be waived by private agreement because the public policy concerns inherent in these statutory protections go well beyond the concerns between two private parties." Oppo. at 23. The cases plaintiff cites in support of this argument, however, hold only that California public policy prohibits the waiver of wage and hour claims *on a prospective basis*. *See, e.g.*, *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1080-81 (9th Cir. 2005); *Gentry v. Superior Court*, 165 P.3d 556, 563 (Cal. 2007). Plaintiff ignores clear case law holding that an employer and employee may resolve an *existing* dispute through a settlement and release. *Watkins v. Wachovia Corp.*, 92 Cal. Rptr. 3d 409, 417 (Cal. Ct. App. 2009) ("When a bona fide dispute exists [with regard to an employee's compensation], the bona fide dispute can be voluntarily settled with a release and a payment"); *Chindarah v. Pick Up Stix, Inc.*, 90 Cal. Rptr. 3d 175, 180 (Cal. Ct. App. 2009) ("[T]here is no statute providing that an employee cannot release his claim to past overtime wages as part of a settlement"). Although plaintiff's current wage and hour claims were not specifically at issue in his 2003 lawsuit, it is clear that plaintiff was aware he had an existing wage and hour dispute with UPS at the time he signed the settlement agreement. *See* Kline Depo. at 103:9-19 ("Q: What disputes did you have with UPS at the time you signed this settlement agreement . . . ?" "A: The dispute of

compensation for hours worked in excess of eight and lunch and breaks."). Therefore, plaintiff's public policy argument is unconvincing.

Because the 2004 settlement agreement and release bar plaintiff's claims as a matter of law, UPS's motion for summary judgment must be GRANTED.[7]

## CONCLUSION

For the foregoing reasons, and for good cause shown, the Court hereby DENIES plaintiff's motion for enforcement of collateral estoppel and GRANTS defendant's motion for summary judgment. (Docket Nos. 31, 37).

**IT IS SO ORDERED.**

Dated: April 7, 2010

SUSAN ILLSTON
United States District Judge

---

[7]As defendant notes, "Certainly, if Kline had a claim that arose after the date of the 2004 Release, arising out of his employment, that claim would not be released in the 2004 Release. It's just that where, as here, the entire alleged injury occurred prior to the date of the 2004 Release, the claim was released; no prior claims were expressly excluded." Reply at 4, n.3.