IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KLINE, | No. C 09-00742 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |
| v. | |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

Defendant's motion for attorneys' fees is currently set for hearing on June 25, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES defendant's motion.

**BACKGROUND**

Plaintiff Daniel Kline filed this action on September 26, 2008, alleging that defendant United Parcel Service, Inc. ("UPS") misclassified him as exempt from overtime compensation during his employment with UPS from May 1999 to September 2003. On April 7, 2010, the Court issued an order granting UPS's motion for summary judgment. The Court held that plaintiff released all existing claims arising out of the parties' employment relationship as part of a settlement agreement reached in 2004 ("2004 Settlement Agreement") in a prior action in California state court, *Kline v. United Parcel Service*, Alameda County Super. Ct. Case No. RG03112427. In the motion now before the Court, UPS seeks to recover the attorneys' fees incurred in defending against plaintiff's suit.

**DISCUSSION**

**I.  Contractual Fee Provision**

UPS first contends that it is entitled to recover attorneys' fees pursuant to a fee provision in the 2004 Settlement Agreement. According to UPS, the 2004 Settlement Agreement reflects a "clear intent" by the parties that attorneys' fees would be available to the prevailing party in any future dispute related to the enforcement of the Agreement. The relevant language in the Agreement states:

> All claims arising out of breach of this Agreement and/or to enforce this Agreement shall be subject to arbitration pursuant to the Employment Dispute Resolution rules of JAMS/Endispute, in San Francisco, California. The arbitrator is hereby authorized to award the fees and costs of arbitration, including advanced fees, in the arbitrator's sole discretion to the prevailing party.

2004 Settlement Agreement, Baca Decl. Ex. E, at 13.

The Court finds that the language of the Agreement, on its face, does not entitle UPS to attorneys' fees in this action. Although UPS introduced evidence of the 2004 Settlement Agreement in order to defeat plaintiff's wage and hour claims in this action, this action did not involve a claim arising out of a breach of the Agreement or a claim to enforce the Agreement. The plain language of the provision does not indicate an intent to encompass actions in which the 2004 Settlement Agreement is raised as a defense to an unrelated claim, especially actions brought outside the context of arbitration.

Accordingly, the Court finds that UPS is not entitled to fees pursuant to contract.

**II.  California Labor Code § 218.5**

UPS argues next that it is entitled to a portion of its fees pursuant to California statute. California Labor Code § 218.5(a) provides that "[i]n any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." This provision specifically states, however, that it "does not apply to any action for which attorney's fees are recoverable under [Cal. Labor Code §] 1194." *Id.* California Labor Code § 1194, in turn, states that a prevailing *employer* cannot recover fees in an action for nonpayment of minimum wage or overtime compensation; rather, fees in such an action may only be recovered by a prevailing *employee*. Cal. Labor Code § 1194(a); *Earley v. Superior Court*, 95 Cal.

Rptr. 2d 57, 62 (Cal. Ct. App. 2000).

UPS seeks to recover the fees it has incurred in defending against plaintiff's non-overtime claims, which included (1) his claims for missed meal and rest breaks, and (2) his claim for straight-time wages in the event he was found to be exempt from overtime under the Motor Carrier Act. UPS suggests that the Court should apportion the recoverable and non-recoverable fees in this action, and award those fees that were incurred as a result of the claims not covered by Labor Code § 1194.

The Court disagrees. Labor Code § 218.5 expressly states that its provisions do not apply "to any action" brought to recover overtime wages, and this was fundamentally an overtime action. UPS argues that plaintiff's straight-time claims were separable from his overtime claims. However, the straight-time claims in this case would not even come into play unless plaintiff was found non-exempt. In other words, any claims for which plaintiff would recover at a straight-time rate, rather than an overtime rate, were inextricably linked with the issue of whether he was entitled to overtime. UPS is therefore not entitled to fees pursuant to statute.

UPS's motion for attorneys' fees is DENIED.[1]

## CONCLUSION

For the foregoing reasons, and for good cause shown, UPS's motion for attorney's fees is DENIED. (Docket No. 97).

**IT IS SO ORDERED.**

Dated: June 22, 2010

SUSAN ILLSTON
United States District Judge

---

[1] The Court also DENIES all evidentiary objections made in connection with this motion.

3